■ UNIVERSAL CHILDREN'S WEAR, INC., Appellant, v PHILIP GALASSO, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Morton, J.), dated February 19, 1987, as denied that branch of its motion which was for partial summary judgment as against the defendant Philip Galasso.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for partial summary judgment against the defendant Philip Galasso is granted, the plaintiff is awarded the principal sum of $96,716.74 against the defendant Philip Galasso, the action against the remaining defendants is severed, and the matter is remitted for the entry of an appropriate judgment.

The evidence contained in the record on appeal establishes conclusively that the plaintiff paid $96,716.74 of its own money in order to satisfy the real estate transfer tax liability

of the defendants Philip Galasso and PEW Realty Co., incurred pursuant to Tax Law article 31-B (Tax Law § 1440 *et seq.*). That liability arose in connection with Galasso's transfer to the plaintiff of his fee interest in certain real estate, and the transfer by PEW Realty Co. of its interest in the leasehold on the same premises, which was made as part of the same transaction.

The evidence in the record further establishes conclusively that the plaintiff was unable to record its deed until the real estate transfer tax had been paid (*see,* Tax Law § 1447 [1] [f] [1] [i]). Also, it is clear that Mr. Galasso had promised, in connection with this transaction, to "pay any tax due under Article 31-B [and] to indemnify and save [plaintiff] harmless from [its] liability under Article 31-B". Under these circumstances, the plaintiff had the right to pay the tax, in order to protect its own interests, and to seek restitution from the defendant Galasso.

Finally, we note that Mr. Galasso states, in his brief, that he intends to claim a refund from the New York State Department of Taxation and Finance based upon his assertion that the tax paid was improperly calculated (*see,* Tax Law § 1445 [1]). The possibility that an error was made with respect to the computation of the tax (which, with one immaterial exception, was based exclusively on documents provided by Galasso) is insufficient to warrant denial of summary judgment. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.